UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,

                       Respondent,           REPORT AND
                                             RECOMMENDATION

  -against-

                                               04 CR 66 (ERK)(RML)

CARL MASSON,

                     Petitioner.
------------------------------------------------------X

LEVY, United States Magistrate Judge:

       By order dated August 14, 2012, the Honorable Edward R. Korman, United States Senior District Judge, referred petitioner's motion to compel a change of name to me for a report and recommendation. For the reasons stated below, I respectfully recommend that petitioner's motion be denied.

## BACKGROUND AND FACTS

       On January 23, 2004, Carl Masson ("petitioner"), was indicted and charged with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a) - (b)(1)(A)(ii)(II) (2010). (See Indictment, filed Jan. 23, 2004.) The caption of the original indictment and the superseding indictment identified petitioner as "Carl Masson, also known as 'Carl Dread' and 'Carl Henry Augustin.'" (Id. at 1; Superseding Indictment, filed Aug. 8, 2005.) On January 9, 2006, petitioner pleaded guilty to count one of the superseding indictment,[1] and on December 7, 2006, the court entered judgment and sentenced petitioner to

---

[1] During petitioner's guilty plea proceeding, the following exchange took place:

    The Court: What's your full name?

    Mr. Zissou [petitioner's attorney]: Full, true name; yes. Your full true name.

                                                                                  (continued...)

one hundred and fifty-one months of imprisonment and five years of supervised release.  (See Transcript of Criminal Cause for Sentencing as to Carl Masson, dated Oct. 26, 2006, at 33:20-24.)  The caption of the judgment identified petitioner as "Carl Masson t/n [true name] Carl Henry Augustine."  (Judgment as to Carl Masson, dated Oct. 26, 2006, at 1-4.)

On June 4, 2012, petitioner filed a pro se motion, requesting that the court order a change of his committed name from his alias, "Carl Masson," to his legal name, Carl Henry Augustin.  (Petitioner's Motion for a Change of Name, dated May 30, 2012 ("Name Change Mot."), at 1.)  Petitioner also requested an order directing the United States Bureau of Prisons (the "BOP") and its agents to "adopt and reflect this change of name."  (Id.)

The government opposes petitioner's motion, arguing that the request is moot insofar as court documents and records already reflect petitioner's legal name.  (Government's Response in Opposition to Defendant's Request for a Change of Name, filed Aug. 7, 2012 ("Govt.'s Opp."), at 4.)  The government also argues that granting petitioner's request at this time would create record-keeping problems and confusion for BOP and other law enforcement agencies.  (Id. at 5.)

**DISCUSSION**

"[W]hen [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally."  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).  "[A] pro se complaint,

---

(...continued)
        Defendant: Not –

        Mr. Zissou: It doesn't matter what the indictment says; your full true name.

        Defendant: Carl Amy Augustine (phonetic).

(Transcript of Criminal Cause for Pleading as to Carl Masson, dated Jan. 9, 2005, at 3:22-4:3.)

2

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, a pro se plaintiff's pleadings, while liberally construed, must "state a claim to relief that is plausible on its face." Mancuso v. Hynes, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The BOP's policy requires that an inmate petition the federal sentencing court when seeking a change of committed name in the BOP database. Federal Bureau of Prisons, Correctional Systems Manual, No. P5800.15, Ch. 4 § 402(d) (Jan. 1, 2009), available at http://www.bop.gov/policy/progstat/5800_015.pdf. The policy further provides that, where orders or documents indicate a "legal" or "true" name in addition to an inmate's committed name, such names are to be entered into the BOP recordkeeping system in an additional field. Id. In the event that an inmate obtains a legal name change, the BOP policy requires that an inmate provide prison staff with "verifiable documentation" of the name change to enter such name as the inmate's "legal" name. Id.

As an initial matter, petitioner's right to the recognition of a legal name or legal name change does not extend to documents that predate his legal name change. United States v. Duke, 458 F. Supp. 1188, 1189 (S.D.N.Y. 1978) ("[M]ovant . . . may assume any name that suits his fancy, but his rights in that regard have no retroactive effect"). See also United States v. Baker, 415 F.3d 1273, 1274 (11th Cir. 2005). Although petitioner is asking this court to change his committed name to his legal name, he never made this request prior to the judgment in his case. See United States v. White, 490 F. App'x 979, 981 (10th Cir. 2012) (petitioner could not retroactively change his committed name when "[a]t sentencing . . . [he] did not inform the Court of his pending name change or ask the Court to use his new [legal] name.") (citation omitted).

An inmate cannot compel the BOP to reorganize its filing system or change its preexisting records to reflect a post-incarceration name change. Salahuddin v. Coughlin, 591 F. Supp. 353, 359 (S.D.N.Y. 1984) ("Prison officials have a legitimate interest in avoiding confusion and simplifying record-keeping.") (citing United States v. Duke, 458 F. Supp. at 1189). See also Barrett v. Virginia, 689 F.2d 498, 503 (4th Cir. 1982) ("[T]he mere fact that correctional authorities maintain a prisoner's records in the name he used when convicted implicates no constitutional right. How prison officials choose to organize their records is quintessentially an administrative matter in which the courts should not intervene.").

Furthermore, in order to satisfy an inmate's right to recognition of a post-incarceration legal name change, a prison need only allow the inmate to use his legal name in conjunction with his committed name. See United States v. Baker, 415 F.3d at 1274. The BOP system provides for dual-name recognition of "true" or "legal" names, in addition to a committed name. See Barrett v. Virginia, 689 F.2d at 503 ("[M]any inmates are known by several names at the time they enter prison. In such a case, the correctional authorities apparently record both the inmate's legal name and any known aliases.")

In this case, petitioner's commitment order included both his alias and his legal name – a fact that petitioner acknowledges in his motion. (See Name Change Mot. at 1.) Petitioner has not alleged that the BOP has refused to provide dual-name recognition in compliance with the BOP procedure for establishing dual-name recognition. See United States v. White, 490 F. App'x at 983. To the contrary, it is evident that petitioner's legal name already is associated with his case, along with his alias; thus, his request is moot, and I respectfully recommend that it be denied.[2]

---

[2] The government also argues that petitioner failed to exhaust all of his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e (1996). (Govt.'s
(continued...)

## CONCLUSION

For the foregoing reasons, I respectfully recommend that petitioner's motion to compel a change of name be denied. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Korman and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1)(C) (2009); FED. R. CIV. P. 72, 6(a), (e).

Respectfully submitted,

_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       March 11, 2013

---

(...continued)
Opp. at 6.)  Petitioner's one-page motion contains no information to establish whether he complied with the proper PLRA grievance procedures prior to filing his motion.  However, it is unnecessary to reach this issue, as petitioner's motion is substantively without merit.